ORIGINAL

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CIVIL ACTION NO.: 96-7026-CIV-ROETTGER
Magistrate Judge Seltzer

|  |  |  |
|---|---|---|
| **TIMOTHY JOHANSON, WALTER JOHANSON** and **VERONICA JULIANO** Individually and on behalf of all others similarly situated, | : | |
| | : | |
| | : | |
| PLAINTIFFS, | : | |
| | : | |
| -vs- | : | |
| | : | |
| **HUIZENGA HOLDINGS, INC.**, a Florida Corporation, **ELLERBE BECKET ARCHITECTS AND ENGINEERS, INC.**, a Florida Corporation, the **FLORIDA PANTHERS HOCKEY CLUB, Ltd.**, **BROWARD COUNTY, FLORIDA**, and the **CITY OF SUNRISE, FLORIDA**, | : | **AMENDED COMPLAINT** |
| | : | |
| DEFENDANTS. | : | |

Plaintiffs, TIMOTHY JOHANSON, WALTER JOHANSON and VERONICA JULIANO, individually and on behalf of all persons with a disability ("Plaintiffs") through their undersigned attorney, brings this "Americans with Disability Act of 1990" Complaint against Defendants, HUIZENGA HOLDINGS, INC., a Florida Corporation, ELLERBE BECKET ARCHITECTS AND ENGINEERS, INC. ("Ellerbe Becket"), a Florida Corporation, the FLORIDA PANTHERS HOCKEY CLUB, Ltd. ("Panthers"), BROWARD COUNTY, FLORIDA and the CITY OF SUNRISE, FLORIDA, (all hereafter refereed to as the "Defendants"), state as follows:

## I. INTRODUCTION

1.    The "Americans with Disabilities Act of 1990" [herein referred to as the

CIVIL ACTION NO.: 96-7026-CIV-ROETTGER
Magistrate Judge Seltzer

"ADA"] was signed into law on July 26, 1990 and codified as 42 U.S.C. § 12101, et seq.

The ADA established the most important civil rights for persons with disabilities in our country's history, including the right to have barriers eliminated that discriminate against persons with disabilities.

2.      This is an action brought under both Title II and Title III of the ADA, Pub.L. 101-336, 42 U.S.C. §§ 12101-12213 and 47 U.S.C. 225 and 611.  Title II became effective on January 26, 1992 and it  prohibits discrimination on the basis of disability by state and local governments; and Title III became effective on July 26, 1992 and it prohibits discrimination on the basis of disability by public accommodations.

3.      Pursuant to 42 U.S.C.S. § 12133, Plaintiffs, individually and on behalf of all others similarly situated, seek declaratory and injunctive relief to address and rectify the discrimination to which the Plaintiffs have or will be subjected to by Defendants under Title II of the ADA (42 U.S.C.S. § 12132).

4.      Pursuant to 42 U.S.C.S. § 12188, Plaintiffs, individually and on behalf of all others similarly situated, seek declaratory and injunctive relief to address and rectify the discrimination to which the Plaintiffs have or will be subjected to by Defendants under Title III of the ADA (42 U.S.C.S. §§ 12182(a) and 12183(a)).

5.      As of January 26, 1992, any person [or class] who is being subjected to discrimination on the basis of disability in violation of the "ADA" ....may institute a civil action for preventive relief, including an application for a permanent or temporary injunction, a restraining order, or any other [appropriate court] order [28 C.F.R. § 36.501(a)].

CIVIL ACTION NO.: 96-7026-CIV-ROETTGER
Magistrate Judge Seltzer

## II.  JURISDICTION

6.      This Court has jurisdiction over the Defendants in this action under: 28 U.S.C. § 1331 for civil actions arising under the laws of the United States; 28 U.S.C. § 1343(a)(3) for actions under laws providing for the protection of civil rights; 28 U.S.C. §§ 2001; and under 42 U.S.C § 1983.

7.      This Court has additional jurisdiction over the Defendants in this action under: 42 U.S.C. § 12133, which incorporates the provisions of 29 U.S.C. § 794a, for violations of Title II of the Americans with Disability Act, which provides for civil actions by any person who is being subjected to discrimination on the basis of disability in violation of Title II of the ADA; and under 42 U.S.C. § 12188, which sets forth the remedies and procedures[1] of Title III, which provides for civil actions by any person who is being subjected to discrimination on the basis of disability in violation of Title III of the ADA, or who has reasonable grounds for believing that such persons are about to be subjected to discrimination in violation of § 303 [42 U.S.C. § 12183].

## III.  PRELIMINARY STATEMENT

8.      The purpose of the Americans with Disabilities Act is to provide a clear and comprehensive national mandate to end discrimination against individuals with disabilities and to bring persons with disabilities into the economic and social mainstream of American life; to provide enforceable standards addressing discrimination against individuals with disabilities,

---

[1] *Set forth in § 204(a) of the Civil rights Act of 1964 (42 U.S.C. 2000a-3(a)).*

and to ensure that the Federal government plays a central role in enforcing these standards on behalf of individuals with disabilities.  The Plaintiffs, as persons protected under the ADA have the right to allege discrimination based upon their reasonable belief that discrimination is about to occur against them.[2]

9.      This action seeks preliminary and permanent injunctive and declaratory relief against the Defendants, based on their discriminatory conduct or believed conduct against the Plaintiffs and all other persons with disabilities in the **Broward County Civic Arena Project** (hereafter referred to as the "Broward Arena").  Plaintiffs are requesting that Defendants make reasonable accommodations so that disabled patrons can come to, attend, stay and enjoy the events and amenities at the new fast-tracked Broward Arena to be developed in the City of Sunrise, Florida.  This Complaint specifically requests that the following violations or believed violations at the Broward Arena be addressed, corrected and/or modified:

a)  the lack of wheelchair spaces should be 1% or 205 with the addition of at least another 205 adjacent companion spaces (total of a minimum of 410, there are 356 proposed spaces);

b) missing, inadequate or curbed-cuts and walkways into and around the facility have not been addressed (to compensate for the added 20-foot high mound of fill the facility will be built on);

c) the absence of disabled parking spaces and/or provisions to the underground parking or other on site parking;

d) the issues regarding platform (or segregated) seating located throughout the facility (dispersion of multiple seat locations intergraded into the general public is optimal.

---

[2] *The ADA permits such actions in order to incorporate access at the planning stage when changes would be relatively inexpensive, rather than after construction is completed or has begun (42 U.S.C.S. § 12188(a)(1) & (2).*

CIVIL ACTION NO.: 96-7026-CIV-ROETTGER
Magistrate Judge Seltzer

Required if possible, but in pre-construction, it should be required regardless);

e) the policies regarding the sales of tickets (reasonable times to offer to the disabled patrons prior to declaring an event a sell-out) and the ability of a disabled persons ability to only purchase one-adjacent companion seat (thereby eliminating a multi-family setting opportunity or atmosphere);

f) the issue regarding comparable lines of sight (both vertical and horizontal vision) for individuals with disabilities, and their ability to see over standing spectators.

g) Defendant, Ellerbe Becket has a history of "fast-tracking" arenas around the Country and their standard design has resulted in four lawsuits on access for ADA compliance filed against newly constructed Arenas[3]. All are Ellerbe Becket projects and designs, but this case is unique in that no concrete has been poured as of this filing date.

h) other miscellaneous violations of the ADA, and regulations promulgated pursuant thereto, which have yet to be disclosed or discovered.

## IV.  PARTIES

10.    Plaintiff, Timothy Johanson, is a resident of Broward County, Florida and a citizen of the United States, and is an occasional purchaser of tickets to Florida Panther games.   Timothy Johanson is eight years old and from birth has Cerebral Palsy, and as a result has a mobility impairment that necessitates in his use of a electric wheelchair.  Timothy Johanson's disability substantially limits many of his life activities, and qualifies as a person covered under the Americans with Disabilities Act and regulations promulgated thereto.

11.    Plaintiff, Walter Johanson, is a resident of Broward County, Florida and a citizen of the United States, and is an occasional purchaser of tickets to Florida Panther games, and attends those games with his son, Timothy (Plaintiff, Timothy Johanson, per

---

[3]     the MCI Center in Washington, D.C.
the Crossroads Arena in Buffalo, N.Y.
the Fleet Center in Boston, Mass.
the Spectrum in Philadelphia, Penn.

CIVIL ACTION NO.: 96-7026-CIV-ROETTGER
Magistrate Judge Seltzer

paragraph 10 above). Walter Johanson is an individual who has no impairment, but as Timothy's father (and legal guardian) is a qualified individual protected under title II and III of the Americans with Disability Act and regulations promulgated thereto.

12.     Plaintiff, Veronica Juliano, is a resident of Broward County, Florida and a citizen of the United States, and is an occasional purchaser of tickets to Florida Panther games.   Ms. Juliano is 12 years old and from birth has a nuro-muscial dystrophy in etiology disorder, and as a result has a mobility, sight and vocal impairment that necessitates in her use of a electric wheelchair and other accommodations.  Ms. Juliano's disabilities substantially limit many of her life activities, and qualifies her as a person covered under the Americans with Disabilities Act and regulations promulgated thereto.

13.     Defendant, Huizenga Holdings, Inc. (hereafter referred to as "HHI"), located in Fort Lauderdale, Florida, at 200 S. Andrews Avenue, 6th Floor, is and at all times mentioned herein, an entity duly formed and authorized as such under the laws of the State of Florida, and is the owner, lessor, lessee, user and/or operator of the (planned) Broward Arena, located in Sunrise, Florida.  Huizinga Holdings, Inc. is owned, controlled and/or operated by H. Wayne Huizinga.

14.     Defendant, Ellerbe Becket Architects and Engineers, Inc. (hereafter referred to as "Ellerbe Becket"), located in Minneapolis, Minnesota, at 800 LaSalle Avenue, is and at all times mentioned herein, is a Delaware incorporated active/foreign entity (and agent, contractor or legal representative of Defendant, Huizenga Holdings, Inc.), duly qualified entity, authorized as such to do business under the laws of the State of Florida.  Defendant, Ellerbe

6

Becket are the architects and engineers hired by Defendant, Huizinga Holdings, Inc. to draft, plan, model, and get approval for and obtain permits for construction of the Broward Arena, located in Sunrise, Florida.

15.     Defendant, the Florida Panthers Hockey Club. Ltd. (hereafter referred to as the "Panthers"), owned and/or controlled by Huizinga Holdings, Inc. (and/or its owner H. Wayne Huizinga), is located in Fort Lauderdale, Florida, at 100 Northeast Third Avenue, 10th Floor, is and at all times mentioned herein, an entity duly formed and authorized as such under the laws of the State of Florida, is or will be a lessee, user and/or operator of the Broward Arena, located in Sunrise, Florida.   The Broward Arena will be the home to the Florida Panthers in 1998.

16.     Defendant, Broward County, Florida, is and at all times mentioned herein, an entity duly formed and authorized as such under the laws of the State of Florida, and is a co-owner, underwriter, lessor, lessee, user and/or operator of the Broward Arena, located in Sunrise, Florida.   Broward County is a Title II[4] entity as defined in the ADA and is responsible for enforcement and compliance under the ADA, the Florida Accessibility Code (F.S. § 553) and with its own County non-discrimination ordinances.

17.     Defendant, the City of Sunrise, Florida, is and at all times mentioned herein, an entity duly formed and authorized as such under the laws of the State of Florida, and is a co-owner, underwriter, lessor, lessee, user and/or operator of the Broward Arena, located within

---

[4]42 U.S.C.S. § 12131 et seq.

7

CIVIL ACTION NO.: 96-7026-CIV-ROETTGER
Magistrate Judge Seltzer

its boundaries.  The City of Sunrise is a Title II[5] entity as defined in the ADA and is responsible for permits, enforcement and compliance under the ADA, the Florida Accessibility Code (F.S. § 553) and with its own non-discrimination ordinances.

18.    The Broward Arena is a place of public accommodation, whose operations affect commerce and are:

i.     a place of public gathering;
ii.    an establishment serving food and/or drink;
iii.   a place of exhibition or entertainment; and

therefore subject to the full range of Titles II and III of the ADA.

19.    The Broward Arena is being built by H. Wayne Huizinga, who owns the Florida Panthers hockey team and will be or is to be consider a place of public gathering, located in Sunrise, Florida, and is scheduled to begin construction November 15, 1996 and be completed by August 15, 1998, and has the following data available:

□ the Broward Arena has a seating capacity of 19,452 seats for hockey games, and 20,494 for basketball.
□ the Broward Arena is to be comprised of four levels:
    --Main Concourse level with 73 wheelchair plus 73 companion seats.
    --Suite level with no wheelchair or companion seating.
    --Club level with 21 wheelchair plus 21 companion seats.
    --Upper Concourse level with 84 wheelchair plus 84 companion seats.
□ a total seating for 178 wheelchair seats and 178 attendant or companion seats adjacent to the wheelchair seating space.
□ only one adjacent companion seat can be bought with a disabled seat.
□ the Broward Arena comprises of 833,000 square feet.
□ there is parking for approximately 7,171 vehicles . The disabled parking situation has not been disclosed.
□ there are to be 360 (plus) underground parking spaces.  Disabled parking or drop-off areas in this area have not been disclosed.

---

[5] 42 U.S.C.S. § 12131 et seq.

8

CIVIL ACTION NO.: 96-7026-CIV-ROETTGER
Magistrate Judge Seltzer

□ the Broward Arena is to costs $214 million to build. This financing will be financed by a (public) multimillion dollar bond issue, underwritten by Broward County.

## V. THE FACTS

20.   Plaintiffs and others in the disabled community, after attending meetings and having had discussions/correspondences with the Defendants, within the last four weeks of this filing, have reasonable belief and grounds for believing that they as persons with a disability are about to be subjected to discrimination in violation of the Americans with Disabilities Act,[6] the Florida Americans with Disabilities Accessibility Implementation Act[7] and local non-discrimination/human right laws.

21.   These violations or believed violations were listed in paragraph 9 of this Complaint.

22.   Plaintiffs, as well as others advocates, with or without disabilities, for the minimum of two-months have advised and discussed these complained of violations and/or access concerns.

## VI. STATEMENT OF CLAIMS

23.   All Defendants, acting individually, and/or in concert with others discriminate against the Plaintiffs, and all persons with disabilities through the following policies, practices,

---

[6] 42 U.S.C.S. § 12183.

[7](Sections 553.501 - 553.513, Florida Statutes) is to incorporate into the laws of Florida the accessibility requirements of the ADA, while at the same time to maintain those provisions of Florida Law that are more stringent than the ADA accessibility guidelines, that is, those provisions which are more favorable to the needs of the disabled.

CIVIL ACTION NO.: 96-7026-CIV-ROETTGER
Magistrate Judge Seltzer

actions and/or conduct:

## COUNT I
## DENIAL OF PARTICIPATION

24.     The allegations contained in paragraphs one through twenty-three are repeated and realleged as if set forth fully herein.

25.     Defendants have discriminated against the above subjected individual(s) and/or class of individuals with disabilities on the basis of a disability or disabilities of such individual(s) or class. directly, or through contractual, licensing, or other arrangements, in the denial of the opportunity of the individual or class to participate[8] in or benefit from the goods, services, programs, activities, facilities, privileges, advantages, or accommodations of the Broward Arena.

26.     Defendants have imposed or implemented eligibility criteria that screen out or tend to screen out individual(s) with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases,(or leases to), or operates a place of public accommodation.[9]

## COUNT II
## DENIAL OF PARTICIPATION AND BENEFIT EQUALLY

27.     The allegations contained in paragraphs one through twenty-three are repeated and reallege as if set forth fully herein.

---

[8]  42 U.S.C.S. § 12182(b)(i).

[9]  42 U.S.C.S. § 12182(a).

28.    Defendants, discriminate in participation in and equally benefiting from, to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other patrons and/or individuals.[10]

## COUNT III
## DENIAL OF PARTICIPATION AND BENEFIT EQUALLY
## IN AN INTEGRATED SETTING

29.    The allegations contained in paragraphs one through twenty-three are repeated and reallege as if set forth fully herein.

28.    Defendants, discriminate by not providing persons with disabilities the goods, services, facilities, privileges, advantages, and accommodations of the Broward Arena in the most integrated setting appropriate to the needs of the individual.[11]

## COUNT IV
## NEW CONSTRUCTION VIOLATIONS

31.    The allegations contained in paragraphs one through twenty-three are repeated and realleged as if set forth fully herein.

32.    Defendants are discriminating or will discriminate against the Plaintiffs and all others similarly situated, by failing to design, plan and construct the Broward Arena (and amenities that flow from it) in a manner readily accessible and useable by individuals with

---

[10]  42 U.S.C.S. § 12182(b)(ii).

[11]  42 U.S.C.S. § 12182(B).

disabilities,[12] per the alleged violations and beliefs listed in paragraph 9 of this **Complaint.** With this history of fast-tracked projects by Ellerbe Becket, there exist a very **strong** possibility that the same design, plans and ADA violations are going to be **duplicated by Defendants.**

33.     The Broward Arena is to be owned and funded by Defendant, **Broward County.** The design, development, construction and equipping of the Broward Arena is the responsibility of the remaining Defendants.  All Defendants have entered into contracts **with** each other and the Defendants, directly or through contractual or other arrangements, **have** utilized methods of administration that have the effect of discriminating on the basis of disability; and/or perpetuate the discrimination of others by (i) failing to make **reasonable** modifications in policies, practices, or procedures; (ii) by failing to take such steps as **may be** necessary to ensure that no individual with a disability is excluded, denied services, **segregated** or otherwise treated differently; and (iii) by failing to remove architectural **barriers and** communication barriers.

34.     Enforcement of this non-compliance on reasonable belief, should be **granted** Plaintiffs in 42 U.S.C.S.§ 12188(a)(1)[13] as remedy for these Defendants actions.

---

[12] 42 U.S.C.S. § 12183(a)(1).

[13] § 12188.      Enforcement
(a)   In General. (1) Availability of remedies and procedures.  The remedies and procedures set forth ... are the remedies and procedures this title provides to any person who is being subjected to discrimination on the basis of disability in violation of this title or who has reasonable grounds for believing that such person[s] is about to be subjected to discrimination in violation of section 303 [42 USCS § 12183]. Nothing in this section shall require a person with a

CIVIL ACTION NO.: 96-7026-CIV-ROETTGER
Magistrate Judge Seltzer

## COUNT V
## DISCRIMINATION OF SERVICES, PROGRAMS
## OR ACTIVITIES OF A PUBLIC ENTITY

35.    The allegations contained in paragraphs one through twenty-three are repeated and realleged as if set forth fully herein.

36.    Defendants, Broward County and the City of Sunrise, as Title II entities under the ADA, are the entities responsible for enforcement and permitting for the Broward Arena.

37.    Defendants, Broward County and the City of Sunrise have given the go ahead to ground breaking and begin construction at the site (with only 30% completed plans having been published) for the Broward Arena.  These 30% completion plans are enough to show a strong belief that accessibility violations as listed in paragraph 9 will occur.  These violations listed in paragraph 9 would be considered violations of Title II and III of the ADA[14].

## VII.  DEFENSE AND MEDIATION NOTICES

38.    Plaintiffs file this suit in the good faith belief that the Defendants' have legal liability under the Americans with Disabilities Act in connection with the above counts.  Be it understood that Plaintiff's goals in this litigation is to achieve ADA compliance.

---

disability to engage in futile gesture if such person has actual notice that a person or organization covered by this title does not intent to comply with its provisions.
(2) Injunctive relief.  In the case of violations of ... section 303(a) [42 USCS §§ 12182(b)(2)(A)(iv), 12183(a)], injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and useable by individuals with disabilities to the extent required by this title.

[14] 42 U.S.C.S. § 12132.

CIVIL ACTION NO.: 96-7026-CIV-ROETTGER
Magistrate Judge Meltzer

## VIII.  RELIEF REQUESTED

WHEREFORE, PLAINTIFFS, on behalf of themselves and on behalf of all others similarly situated, request this Court:

1.      Issue a temporary restraining order directing the Defendants from denying access to persons with a disability in the new Broward Arena until such time as Plaintiff requests for preliminary relief contained herein can be heard and determined by this Court.

2.      Issue a preliminary injunction:

a.      Directing the Defendants evaluate, modify and neutralize their plans, diagrams, policies, practices, and procedures toward persons with disabilities, for a period of time reasonably calculated to permit Defendants time to correct the violations of the ADA as listed in Paragraph 9 as soon as possible, prior to ground breaking on November 15, 1996 (to minimize costs, etc.).

b.      Mandate that a self-evaluation be done which contains a description of all the Defendant's plans, diagrams, policies, activities, and services, that effect the facility;

3.      Enter a judgement mandating that Defendants, without delay, revise, modify and remove these listed barriers, and make reasonable modifications in their policies, practices, and procedures, and take steps necessary to ensure that no person with a disability is excluded, denied services, segregated or otherwise treated differently, to the extent required by law.

4.      Award Plaintiff, reasonable attorneys' fees, costs and expenses of suit incurred and such other and further relief as this court may deem just and proper under the

14

circumstances.

## IX. JURY TRIAL DEMAND

The Plaintiffs, hereby request a jury trial on all claims and acts raised in this

Complaint.

DATED: **September 27, 1996**, respectfully submitted,

By _____
        MICHAEL F. LANHAM
        Florida Bar No.: 0935824

MICHAEL F. LANHAM, Esquire
Michael F. Lanham, P.A.
Biscayne Building, Suite #1102
19 West Flagler Street
Miami, Florida 33130
(305) 358-7646
fax (305) 358-8749

wpwin\Amend-c.tnl  9/27/96

CIVIL ACTION NO.: 96-7026-CIV-ROETTGER
Magistrate Judge Seltzer

## CERTIFICATE OF SERVICE

I, Michael F. Lanham, attorney for the Plaintiffs, certify that a true copy of the foregoing **Amended Complaint** was sent by U.S. Mail to the below listed Defendants this _27th_ day of September, 1996.

**Huizenga Holdings, Inc. and the**
**Florida Panthers Hockey Club, Ltd.**
> CAROL C. LUMPKIN, Esquire
> ED RISTAINO, Esquire
> STANLEY WAKSHLAG, Esquire
> Akerman, Senterfitt & eidson, P.A.
> Suntrust International Center
> 28th Floor, One S.E. 3rd Avenue
> Miami, Florida  33131-1704

**Ellerbe Becket Architects and Engineers, Inc.**
> BRUCE G. HERMELEE, Esquire
> JAMES M. WALKER, Esquire
> Hermelee, Stieglitz & Walker
> 200 S. Biscayne Blvd., Suite 4920
> Miami, Florida  33131-2352

**Broward County, Florida**
> JOHN J. COPELAN, JR., Broward County Attorney
> Governmental Center, Suite 423
> 115 South Andrews Avenue
> Fort Lauderdale, Florida  33301

**City of Sunrise, Florida**
> MICHAEL BURKE, Esquire
> Johnson, Anselmo, Murdoch, Burke & George, P.A.
> 790 East Broward Blvd., Suite 400
> Fort Lauderdale, Florida  33301

Michael F. Lanham, Esquire
Florida Bar No.: 0935824

16