

NIGHT BOX
FILED

FEB - 5 1999

CARLOS JUENKE
CLERK, USDC/SDFL/FTL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIVIL ACTION NO.: 96-7026-CIV-GONZALEZ
Magistrate Judge Seltzer

**TIMOTHY JOHANSON** with "Next Friend" **LaDonna Johanson, WALTER JOHANSON,** and **VERONICA JULIANO** with "Next Friend" **Elizabeth Juliano,**
Individually and on behalf of all others similarly situated,

PLAINTIFFS,
-vs-

**ARENA DEVELOPMENT COMPANY, LTD.,** a Florida Corporation, **ARENA DEVELOPMENT COMPANY, INC.,** a Florida Corporation, **ELLERBE BECKET ARCHITECTS and ENGINEERS, INC.,** a Florida Corporation, the **FLORIDA PANTHERS HOCKEY CLUB, Ltd., BROWARD COUNTY, FLORIDA,** and the **CITY OF SUNRISE,** FLORIDA

DEFENDANTS._____/

### PLAINTIFFS' MOTION TO ALTER OR AMEND THIS COURT'S ORDER WITH INCORPORATED MEMORANDUM OF LAW

Plaintiffs, TIMOTHY JOHANSON, WALTER JOHANSON and VERONICA

JULIANO, by and through the undersigned attorney, pursuant to Federal Rule of

Civil Procedure 59(e) hereby requests this Court alter or amend the first paragraph

of this Court's Order of September 29, 1998 (Exhibit "A"), based upon the

following:

1.      Plaintiffs' requested this Court, in Plaintiffs' Motion for an Award of

Attorney's Fees and Reasonable Expenses of Litigation (filed 12/12/97) grant a

 **ORIGINAL**

hearing regarding the award of attorney's fees to establish further or add additional documentation and/or testimony that would further demonstrate the relationship or connection between the Defendants and this action.

2.      Plaintiffs' in their response pleadings[1] requested that if this Court were to rule against the Plaintiffs' as prevailing party, that a hearing be held to expand on documentation and/or testimony (from the Department of Justice and/or the Paralyzed Veterans Association of Florida) that would further demonstrate or add additional documents and/or testimony that would further demonstrate the Plaintiffs relationship or connection between the Defendants and this action as to modifications or changes to the architectural plans of the facility.   As partial justification of this, Plaintiffs' requests this Court accept and review the affidavit (Exhibit "B") of Pedro De Armas, the President of the Paralyzed Veterans Association of Florida ("Veterans" or "PVAF"), in which Mr. De Armas states on page 4 at the end of ¶8, that "the Plaintiffs in this lawsuit allowed us, the Veteran groups, not just to request corrections to the plans, but, demand that the planners and developers make certain compliance changes.  With the lawsuit out there, the planners and developers knew that they had better comply or we, PVAF would have sued them also."

3.      Plaintiffs bring to this Court's attention that on the same day this

---

[1] *"Plaintiffs' Response with Incorporated Memorandum of Law to Defendants' Verified Motions for Attorneys' Fees" request (on page 19, ¶4) and in "Plaintiffs' Response to Defendant, City of Sunrise's Motion for Attorneys' Fees and Costs" requests (page 10, ¶3), both documents filed on 1/15/98.*

Court issued its Order (September 29, 1998), the Advocacy Committee of PVAF and the Broward County Advisory Board toured the Broward Arena facility and listed three pages of items (Exhibit "C") that violated either or both the Americans with Disability Act ("ADA") or the Florida Accessibility Code ("FACBC").  All of these items were in Plaintiffs' Complaint and were promised, per Mr. Muxo's Declaration at ¶7, that "it was always intended that the Broward Arena exceed the minimum accessibility requirements", Plaintiffs rebut this statement by Mr. Muxo as being false and misleading to the Court.

4.      The Plaintiffs further cite a claim of access and discrimination that has been filed against the Broward Arena (now known as the National Car Rental Center) with the State of Florida, Board of Building Codes and Standards and its Accessibility Advisory Council.  This claim, as summarized by Frederick A. Shotz in his letter (Exhibit "D") to Steve Pfeiffer, Chairman of the Florida Board of Building Codes and Standards, will be discussed on February 8 & 9, 1999, in Orlando, Florida.  This claim alleges that when the Defendants received a waiver of vertical accessibility from the State of Florida, in which the Defendants made certain promises, these promises dealt with one of the Plaintiffs main complaints, the line-of-sight for persons with disabilities and the Defendants have breached these promises.  This Waiver Order is attached as Exhibit "E".

5.      That this Court relied and cited the affidavit of Alex Muxo, President of  Arena Development Corporation, in which he avers that "it was always

intended that the Broward Arena <u>exceed</u> the minimum accessibility requirements"[2]

where in fact, this affidavit can now be shown to be false and misleading.

Plaintiffs rebut the declaration.

6.      Plaintiffs further submit in the Affidavit of Pedro De Armas, then

President of PVAF, on page 5 in ¶9, in which he avers:

> "that PVAF and EPVA would not be a party to the lawsuit, but would try to work with the planners and developers in advising them as to what changes were necessary for the facility to be in compliance with the ADA and Florida Code."

Additionally, Mr. De Armas states in ¶10 that:

> "the relationship between PVAF and the Plaintiff's counsel, Michael Lanham, in relationship to the Broward Arena, was discussed well before the filing of this lawsuit and this connection was intended to only get the facility built with in the guideline of the ADA and Florida Code."

De Armas Affidavit page 5, ¶10.

7.      Plaintiffs further maintain that the January 7, 1998 letter, as Exhibit

"F" from the Department of Justice (Thomas M. Contois) in his last paragraph

states:

> "… the Broward County Arena matter was brought to the attention of the Justice Department as a result of the private action filed against it.

---

[2] "In designing the Broward Arena, it was always intended that the Broward Arena <u>exceed</u> the minimum accessibility requirements.  In that regard, the design of the Broward Arena has been refined over time.  At all times, it was the intention of [Defendants] to provide accessibility which exceeded minimum requirements.  Our plans for the Broward Arena have always called for superior sight lines, seating dispersions (including ice level wheelchair accessible seating), and other architectural and operational features.  We sought to meet with community representatives to discuss the best way to implement those features, and these discussions resulted in the designs which were approved by the DOJ. "

Had it not been for that action, it is very unlikely that the Department would have any involvement with the project. Further, as our letter states, the plans for the arena were changed, so that wheelchair seating locations would provide lines of sight over standing spectators, after the Department of Justice expressed an interest in the arena's compliance with the ADA. It would appear that those changes were made a result either of the private right of action filed against the arena, or the Department's involvement, or both."

This letter along with the Affidavit of Pedro De Armas on page 7 in ¶14, establishes that the Defendants met with the Department of Justice ("DOJ") only after two events occurred, first, the Plaintiffs filed their lawsuit (on September 4, 1996) and, second, only after DOJ filed its "Motion for Leave to Participate as Amicus Curiae" (filed October 21, 1996) in this action. Therefore, when the Defendants and a representative of PVAF, had their meeting with DOJ on November 19, 1996, "it was the Plaintiffs' Complaint that dictated the discussions and changes that were made on the plans" per the Affidavit of Pedro De Armas on page 7, ¶14.

8.    Plaintiffs further submit and per the affidavit of Pedro De Armas, on page 7, ¶15, that "this Court allow statements be taken from others that have first-hand knowledge as to the meetings and why and when changes were made to the plans. These others include Julie M. Shaw, PVAF's Government Relations Director and now the newly appointed ADA Compliance person, under the new Bush administration. Additionally, further statements should be taken from both David Monson, the current President of PVAF and Fred Shotz, a community activist that can attest to further facts in this whole ordeal. They each can substantiate most of the facts and knowledge as I have stated in this Affidavit."

5

THEREFORE for the reasons stated, Plaintiffs hereby request this Court, per Federal Rule of Civil Procedure 59(e) alter or amend the first paragraph of its Order of September 29, 1998 and allow the Plaintiffs a hearing to further show the Court that the Plaintiffs are the prevailing party in this action.

## MEMORANDUM OF LAW

This Court should alter or amend a judgment "[T]to correct a clear error of law or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir.1996); *Collison v. International Chem. Workers Un. Local 217*, 34 F.3d 233, 236 (4th Cir.1994). When a party files a motion under FRCP 59(e) showing that the judgment contains a clear error of law, the district court should resolve the issue by granting the motion. *See, e.g., Collison, 34 F.3d at 238.* The same is true of an order based on clear factual error. *Norman v. Arkansas Dept. of Educ.*, 79 F.3d 748, 750 (8th Cir.1996).

Under §12205 of the ADA, in order to be eligible for a fee award, a plaintiff must be a prevailing party. The United States Supreme Court has held that a plaintiff must prevail "on any significant claim affording some of the relief sought." *Texas Teachers Ass'n v. Garland School Dist.*, 489 U.S. 782, 791, 103 L. Ed. 2d 866, 109 S. Ct. 1486 (1989). The relief must reach the underlying merits of the claim and affect the behavior of the defendant towards the plaintiff. *Hewitt v. Helms*, 482 U.S. 755, 761, 96 L. Ed. 2d 654, 107 S. Ct. 2672 (1987). When a lawsuit serves as a catalyst for favorable action by the defendant, such as taking

6

remedial action because of the suit, the plaintiff is a prevailing party. *Metro. Pittsburgh Crusade for Voters v. Pittsburgh*, 964 F.2d 244, 251 (3d Cir. 1992). See also *Tyler v. City of Manhattan*, 866 F. Supp. 500 (DC Kan. 1994). Therefore, the Plaintiffs "constitute a prevailing party" even though the action was voluntarily dismissed. See *Fields v. City of Tarpon Springs, Fla.*, 721 F.2d 318, 321 (11th Cir. 1983); and *Interstate Underwriting Agencies, Inc. v. Gunter*, 624 F.Supp. 774 (S.D. Fla. 1985).

## REQUEST FOR HEARING

Plaintiffs' hereby request this Plaintiffs' Motion to Alter or Amend this Court's Order, with Incorporated Memorandum of Law, be set for a hearing.

DATED: February 5, 1999, respectfully submitted,

By _____
MICHAEL F. LANHAM, Esquire
Florida Bar No.: 0935824
Michael F. Lanham, P.A.
Biscayne Building, Suite #1102
19 West Flagler Street
Miami, Florida  33130
(305) 358-7646
fax (305) 358-8749

7

## CERTIFICATE OF SERVICE

I, Michael F. Lanham, attorney for the Plaintiffs, certify that a true copy of the foregoing Motion to Alter or Amend the Court's Order of September 29, 1998, with incorporated Memorandum was sent by U.S. Mail to the below listed Defendants this **8th** day of February, 1999.

**Huizenga Holding, Inc., the Florida Panthers Hockey Club, Ltd., Arena Development Company, Ltd., and Arena Development Company, Inc.**
STANLEY WAKSHLAG, Esquire
CAROL C. LUMPKIN, Esquire
Akerman, Senterfitt & Eidson, P.A.
Suntrust International Center
28th Floor, One S.E. 3rd Avenue
Miami, Florida  33131-1704

**Ellerbe Becket Architects and Engineers, Inc.**
BRUCE G. HERMELEE, Esquire
Hermelee & Sharp
25 S.E. Second Avenue, Suite 1135
Miami, Florida  33131

LEWIS J. BAKER, Esquire
THOMAS J. POWELL, Esquire
Watt, Tieder & Hoffar
7929 Westpark Drive, Suite 400
McClean, Virginia  22102

**Broward County, Florida**
JOHN O. STAPLETON, Assist. County Attorney
Governmental Center, Suite 423
115 South Andrews Avenue
Fort Lauderdale, Florida  33301

**City of Sunrise, Florida**
MICHAEL BURKE, Esquire
Johnson, Anselmo, Murdoch, Burke & George, P.A.
790 East Broward Blvd., Suite 400
Fort Lauderdale, Florida  33301

Michael F. Lanham, Esquire
Florida Bar No.: 0935824

8

# ADDITIONAL

# ATTACHMENTS

# NOT

# SCANNED

PLEASE REFER TO COURT FILE